UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THERESA ANN THOMPSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-01843** |
| **ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | **SECTION "H" (4)** |

### REPORT AND RECOMMENDATION

This is an action brought pursuant to **Title 42 U.S.C. § 405(g)** for judicial review of a final decision of the Commissioner of Social Security Administration ("SSA"), denying Theresa Thompson's ("Thompson's")'s claim for Supplement Security Income ("SSI") under the Social Security Act. The matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) and Local Rule 73.2(B), for the submission of Proposed Findings and Recommendations.

I.      **Factual Summary and Procedural History**

Thompson applied for SSI on August 18, 2017, alleging disability since August 17, 2017, due to emotional and mental problems and high blood pressure after being in prison for twenty five (25) years. Rec. Doc.17-3. Tr. 62. At the time of her application, she was 52 years old. Thompson never previously worked. *Id*. Tr. 66.

The Commissioner denied Thompson's application administratively and, pursuant to Thompson's request, the ALJ held a hearing on December 11, 2018. *Id*. Tr. 63-73. Thompson was unrepresented at the administrative hearing. *Id*.   Tr. 31.

On May 1, 2019, the ALJ rendered a decision that Thompson was not disabled. Tr. 23. The ALJ analyzed Thompson's claim pursuant to a five-step sequential evaluation process. 20 C.F.R. § 416.920(a)(4)(i)-(v).  At the first step, the ALJ found that Thompson had not engaged in

substantial gainful activity since August 18, 2017, her application date. Rec. Doc. 17-2. Tr. 17 (Finding 1). At the second step, the ALJ found that Thompson's hypertension, degenerative changes in the right knee, obesity, and anxiety/post-traumatic stress disorder were not severe impairments. *Id*. Tr. 17 (Finding 2). At the third step, the ALJ found that Thompson's impairments failed to meet or equal a listed impairment for presumptive disability under the regulations *Id*. Tr. 17 (Finding 3).

At step four, the ALJ found that Thompson was not under a disability as defined in the Social Security Act from August 18, 2017, Thompson's application date, through May 1, 2019, the date of the ALJ's decision. *Id*. Tr. 21 (Finding 4).

The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Thompson's request for review on April 2, 2020 (Tr. 4-9). Thompson then filed this action pursuant to 42 U.S.C. § 405(g) on June 30, 2020.

## II.   **Standard of Review**

The role of this Court on judicial review under Title 42 U.S.C. § 405(g) is limited to determining whether: (1) the final decision is supported by substantial evidence and (2) whether the Commissioner applied the proper legal standards when evaluating the evidence. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). The Court may not reweigh the evidence, try issues *de novo*, or substitute its judgment for that of the Commissioner. *Allen v. Schweiker*, 642 F.2d 799, 800 (5th Cir. 1981). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989).

Substantial evidence is more than a scintilla and less than a preponderance and is considered relevant such that a reasonable mind might accept it as adequate to support a

conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It must do more than create a suspicion of the existence of the fact to be established, but no "substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "contrary medical evidence." *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973).

The concept of disability is defined in the Social Security Act as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted . . . for a constructive period of not less than 12 months." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A). Section 423(d)(3) of the Act further defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. § 423(d)(3).

In determining whether a claimant is capable of engaging in any substantial gainful activity, the Secretary applies a five-step sequential evaluation process. The rules governing the steps of this evaluation process are: (1) a claimant who is working and engaging in a substantial gainful activity will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless he has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and (5) if a claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to

determine whether he can do other work. *See Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The burden of proof is on the claimant for the first four steps but shifts to the Secretary at Step Five. *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).

### III. Analysis

#### A. Mental Disability- Substantial Evidence

Thompson contends that the ALJ's decision is not based upon substantial evidence. Rec. Doc. 1. Thompson contends that she is mentally disabled which affects her daily living relationship and physical health. R. Doc. 19. She complains that she is depressed an anxious and worries everyday about dying from COVID. *Id.*

The Commissioner contends that substantial evidence supports the ALJ's decision that Thompson was not disabled based on the ALJ's Step-Two Determination. R. Doc. 24. The Commissioner further contends that at step two, Thompson had the burden of proving that she has a severe impairment or combination of impairments and she failed to meet the burden. *Id.*

In reviewing the record, the ALJ found that Thompson had not engaged in substantial gainful activity since August 18, 2017, the application date. The ALJ noted that Thompson had earnings from three separate employers for 2018 but the amount she earned was below the substantial gainful activity threshold. Rec. Doc. 17-2.

The ALJ further found at step two, that Thompson had the following medically determinable impairments: hypertension, degenerative changes in the right knee, obesity, and anxiety/post-traumatic stress disorder (PTSD). *Id.* Tr. 17 (Finding 2). The ALJ further found that Thompson did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months and therefore did

not have a severe impairment nor a combination of impairments. *Id*. Tr. 21 (Finding 3). In addition to her other impairments, the ALJ considered her contention that she was mentally disabled. In so doing, the ALJ noted that during the evaluation period Thompson did not seek mental health care despite having a medical card. *Id*. Tr. 20 (Finding 3). She found that after reviewing the evidence and the treatment records, Thompson has at most mild limitations in understanding, remembering, or applying information, interacting with others, and concentrating, persisting, or maintaining pace. *Id*.

She found that there was no substantial basis for limitations on adaptation or self-management because she is a "talented cook" and cleaner. *Id*. The ALJ further observed that while Thompson sought counseling services late in the evaluation period that she was not prescribed any psychoactive medication. *Id*. The ALJ further noted that the evidence pertaining to Thompson's mental health commenced one year and two months after the alleged onset date with a consultative psychological evaluation performed by William Fowler, Ph.D. *Id*. He noted that she showed weak attention, no evidence of psychosis, and remote recall but with no difficulties in comparable performance tasks. *Id*.

The ALJ noted that while Thompsons mental impairments could reasonably be expected to produce symptoms, Thompson's statements regarding the severity, persistence and limiting effects are not entirely consistent with the medical evidence. *Id*. Tr. 21 (Finding 3). The ALJ noted that during Thompsons evaluation by Dr. Fowler he relied only upon her subjective complaints because she was not under mental health treatment at the time of the psychological examination. *Id*. He therefore found that Dr. Fowler's remark regarding Thompson's stability and predictability are not consistent with the rest of the record and that Thompson did not appear mental disabled. *Id.*

"[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984) (quoting *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984)); *See Martin v. Heckler*, 748 F.2d 1027, 1032 (5th Cir. 1984); *Davis v. Heckler*, 748 F.2d 293, 296 (5th Cir. 1984).

The medical records support a finding that Thompson has a mild mental impairment but there is a complete absence of mental health treatment from August 17, 2017 to November 2018. According to the records, Thompson reported in April 2018 to Family Services of Greater New Orleans for mental health treatment. However, her treatment stopped after seven visits. *See* Rec. Doc. 17-9 Tr. 396. During the intake visits, she reported feeling depressed, anxious, and having trouble sleeping. *Id*. at Tr. 398. She was oriented as to time and space and able to identify similarities and/or differences and had no impairment of her attention and concentration. *Id*. She also reported no history of psychosis. *Id*. at. Tr. 401.

The record also shows that a functional assessment was conducted by Dr. Joseph Kahler. Rec. Doc. 17-3. He found that the consultive examining psychologist offered a diagnostic impression of PTSD but the body of the report did not include report of any signs of PTSD and does not cite diagnostic criteria required for this disorder. *Id*. Kahler found that there were no objective signs of any anxiety or depressive disorder or any discussion of DSM criteria with the exception dysphoric affect. *Id*. He further disagreed with Fowler's opinion that the Thompson could not reliably carry out work tasks in a stable, predictable manner because it was not supported by objective evidence in his report. Kahler found that Thompson's impairments of Depression, Bipolar, Anxiety and Trauma and Stressor Related Disorders were not severe and did not significantly limit her physical or mental ability to do basic work activities. *Id.*

Even though Kahler disagreed with Fowler is some respects they both agreed that Thompson did not appear to be mentally disabled. *Id*. at. Tr. 67. Dr. Fowler noted some difficulty in understanding and retaining instructions and he noted that her attention and persistence were both weak. *Id*. However, he concluded that she could reliably carry out work tasks in a stable, predictable manner and also able to manage her own funds. *Id*.

The evidence before the ALJ supported the conclusion that Thompson's mental condition is not severe. There is no dispute between any of the treating or evaluating mental health providers that Thompson has impairments, but those impairments are not severe.

### B. Consideration of New Medicals

Thompson also submitted new medical records that were generated from July 2019 through April 2020, after the ALJ's opinion became final for consideration on review. The Commissioner does not address whether the new evidence material and that there is good cause for the failure to incorporate.

For new evidence to be considered, the matter would need to be remanded to the ALJ for consideration if certain conditions were met. "The evidence must be (1) new, (2) material, and (3) good cause must be shown for the failure to incorporate the evidence into the record in a prior proceeding." *Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987). "It is 'implicit in the materiality requirement' that 'the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.'" Id. Thompson was alleged that she was disabled from August 18, 2017 through the date of the ALJ's opinion issued on May 1, 2019. See Rec. Doc. 17-2. The medicals submitted by Thompson for review however relate to her condition after the period of review, beginning July 2019 through April 2020.

7

Because the evidence does not pertain to the time period for which benefits were denied, the evidence fails to meet the materiality required for further consideration on remand. *See Hunt v. Barnhart,* No. 05-30386, 2005 WL 3440264, at *4 (5th Cir. 2005) Therefore, Thompson's request for this Court to consider the records and/or remand the matter for further review of the newly submitted medicals is denied.

### IV. Conclusion

**IT IS RECOMMENDED** that the ALJ's decision denying Theresa Ann Thompson's Supplemental Security Income be **AFFIRMED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 3rd day of December 2021.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**